UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

EDWARD STEPHONE WILLIAMS,

        Debtor.
_____/

Case No. 20-51655

Chapter 7

Judge Thomas J. Tucker

STUART A. GOLD, TRUSTEE,

        Plaintiff,

vs.

CAMILE VANCE WILLIAMS,[1]
GREGORY STEPHONE WILLIAMS,
and
CAMRON LASHAWN WILLIAMS,

        Defendants.
_____/

Adv. Pro. No. 21-4032

**OPINION AND ORDER DENYING THE DEFENDANTS'
MOTION FOR STAY PENDING APPEAL**

**I. Introduction**

On February 22, 2023, the Court entered a final order in this adversary proceeding, which (1) denied the Defendants' motion for relief from judgment; (2) denied the Defendants' motion for relief from the automatic stay and to hold proceedings in abeyance; and (3) voided the "Affidavit of Deed" recorded on June 15, 2021 by the Debtor Edward Williams (Docket # 70, the "February 22 Order"). On March 1, 2023, the Defendants filed a notice of appeal of the February

---

[1] The name of the Defendant "Camile Vance Williams" in the caption of this case may contain a misspelling of this Defendant's middle name. At her deposition in this case this Defendant stated that her name was "Camile Vanice Williams" and this name appears on documents that are in the record in this case. To be clear, Camile Vanice Williams is a Defendant in this adversary proceeding.

22 Order (Docket # 71).

Now this adversary proceeding is before this Court on the Defendants' motion for a stay pending appeal, filed on April 4, 2023 (Docket # 91, the "Stay Motion"). The Stay Motion seeks a stay pending appeal of the Court's February 22 Order. It seeks to try to prevent the Chapter 7 Trustee from selling the property located at 18405 Prairie Street, Detroit, MI 48221 (the "Property"), where the Defendants now reside with their father, who is the Chapter 7 Debtor in the main bankruptcy case. The Trustee filed a motion in the main bankruptcy case on March 28, 2023, seeking authority to sell the Property to a third party for $94,000.00, for the benefit of the bankruptcy estate's creditors. (Docket # 87 in Case No. 20-51655).

The Court concludes that a hearing is not necessary, and that the Stay Motion should be denied, for the reasons stated below.

## II. Discussion

### A. The relevant factors

The Stay Motion is governed by Fed. R. Bankr. P. 8007, which states, in pertinent part:

> **(a) Initial Motion in the Bankruptcy Court**
>
> **(1) In general**
>
> Ordinarily, a party must move first in the bankruptcy court for the following relief:
>
> > (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;
>
> . . .
>
> **(b) Motion in the district court, the BAP, or the Court of Appeals on direct appeal**
>
> **(1) Request for relief**

2

> A motion for the relief specified in subdivision (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be made in the court where the appeal is pending.
>
> **(2) Showing or statement required**
>
> The motion must:
>
> (A) show that moving first in the bankruptcy court would be impracticable; or
>
> (B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.
>
> **(3) Additional content**
>
> The motion must also include:
>
> (A) the reasons for granting the relief requested and the facts relied upon;
>
> (B) affidavits or other sworn statements supporting facts subject to dispute; and
>
> (C) relevant parts of the record.
>
> **(4) Serving notice**
>
> The movant must give reasonable notice of the motion to all parties.

. . .

> **(e) Continuation of proceedings in the bankruptcy court**
>
> Despite Rule 7062 and subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:
>
> (1) suspend or order the continuation of other proceedings in the case; or

3

> (2) issue any other appropriate orders during the pendency
> of an appeal to protect the rights of all parties in interest.

The factors that courts must apply in determining whether to grant a motion for a stay pending appeal were discussed at length in *Michigan Coalition of RadioActive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991). Although that case concerned a stay pending appeal under Fed. R. App. P. 8(a), the governing principles are the same under Fed. R. Bankr. P. 8007. In *Griepentrog,* the Sixth Circuit stated, in relevant part:

> In determining whether a stay should be granted under Fed.R.[App.]P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.
>
> Although the factors to be considered are the same for both a preliminary injunction and a stay pending appeal, the balancing process is not identical due to the different procedural posture in which each judicial determination arises. Upon a motion for a preliminary injunction, the court must make a decision based upon "incomplete factual findings and legal research." Even so, that decision is generally accorded a great deal of deference on appellate review and will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.
>
> Conversely, a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of

4

reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.

To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; **the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."**

In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that

> [t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.

*Id.* (citations omitted) (emphasis added); *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (*per curiam*); *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310

5

F.3d 927, 928 (6th Cir. 2002). The Defendants, as the moving parties, bear the burden of establishing by a preponderance of the evidence that they are entitled to the stay. *See Husted*, 698 F.3d at 343; *In re Holstine*, 458 B.R. 392, 394 (Bankr. E.D. Mich. 2011). And "a court's decision to [grant or] deny a [stay pending appeal] is highly discretionary." *Id.* (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)).

### B. Consideration of the relevant factors

The Court concludes that the Defendants have not satisfied their burden of establishing by a preponderance of the evidence that they are entitled to the stay, and that therefore, a stay pending appeal should not be granted. The Stay Motion must be denied based on the *Griepentrog* factors, as discussed below.

#### 1. Factor No. 1

The Court concludes that the Defendants have no likelihood of success on appeal, for the reasons stated in the Court's detailed written opinion, filed on February 22, 2023 (Docket # 69, the "February 22 Opinion"). The Stay Motion says that the Defendants' appeal is "based upon the Defendants' argument that the probate exception applies to this case." (Stay Motion at 1 ¶ 7.a.) But, as the Court explained in its February 22 Opinion, the probate exception does not apply in this case, based on *Marshall v. Marshall*, 547, U.S. 293 (2006), and *Chevalier v. Estate of Barnhard*, 803 F.3d 789 (6th Cir. 2015) (interpreting and applying *Marshall*). (*See* February 22 Opinion (Docket # 69), Part IV.B at 29-32). The Defendants' position is directly contrary to the *Chevalier* case, which is the controlling precedent of the Sixth Circuit Court of Appeals.

For these reasons, the first stay factor weighs strongly against granting a stay pending appeal.

6

The Court's conclusion about this first stay factor is alone fatal to the Stay Motion, under the Sixth Circuit's decision in *Griepentrog*, quoted above. There, the Sixth Circuit held, among other things, that "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [opposing parties] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Griepentrog*, 945 F.2d at 154 (citations omitted). The Defendants have not made such a showing, so the Stay Motion must be denied for this reason alone.

**2. Factor No. 2**

The second factor is "the likelihood that the moving party will be irreparably harmed absent a stay." The Defendants' Stay Motion argues:

> There is a likelihood that the Defendants will be irreparably harmed absent a stay; to wit:
>
> a. The Trustee has filed a motion to sell the Property;
> b. The Property is the Defendants' homestead;
> c. If the Property is sold, the Defendants will be forced out of their home;
> d. The Defendants will not receive any money for the sale of the Property and thus will be homeless;
> e. The Property is also the Debtor's homestead;
> f. The Defendants will receive no compensation or corrective relief;
> g. The harm the Defendants will suffer will be certain and immediate.

(Stay Motion at 2 ¶ 8.)

First, the *Defendants* will not suffer irreparable harm if a stay pending appeal is not granted and the Trustee sells the Property, because they have no interest in the Property the Trustee intends to sell, and never had any interest in that Property. Such Property became

7

property of the Debtor Edward Williams pre-petition, through intestate succession upon the death of his wife, and became property of the Debtor's bankruptcy estate upon the Debtor's filing of his Chapter 7 petition. As this Court found, the Defendants' argument to the contrary is based on a *forged deed*. (*See* February 22 Opinion Part V.a at 34-56 (finding the Defendants' purported Quit Claim Deed on which they claimed an interest in the Property to be forged and ineffective to transfer an interest to them in the Property).)

Second, the owner of the home, the Debtor Edward Williams, is not a Defendant, and is not an appellant or otherwise a party to the pending appeal. For this reason, any potential harm to the Debtor is not relevant. And in any event, the Debtor voluntarily filed for relief under Chapter 7. "In Chapter 7 bankruptcies, debtors give up their property that is not entitled to an exemption in exchange for a discharge of their debts. A trustee liquidates the debtor's pre-petition, non-exempt property and then distributes the proceeds to the debtor's creditors. *See* 11 U.S.C. § 704(a)(1)." *Rodriguez v. Barrera* (*In re Barrera*), 22 F.4th 1217, 1220 (10th Cir. 2022). The Debtor received a discharge of his debts on August 3, 2021. (*See* Discharge Order, Docket # 39 in Case No. 20-51655). The price for that discharge is the liquidation of the Debtor's non-exempt property. Thus, the Trustee's liquidation of the Property is the result of the Debtor's choice to voluntarily file for relief under Chapter 7, and therefore cannot be deemed to constitute a harm to the Debtor, let alone the type of harm necessary to grant a stay.[2] Liquidating

---

[2] The Stay Motion alleges that the Debtor is prohibited from claiming a homestead exemption in the Property, which he now says would otherwise be in the amount of $40,475.00, because of an Order entered in the main bankruptcy case on April 9, 2021. (*See* Stay Motion at 2 ¶ 9(c)). Such result is a benefit to the bankruptcy estate and its creditors. In addition, such result is the Debtor's own doing. The Debtor *expressly stipulated* to the entry of the April 9, 2021 Order, so he cannot now be heard to complain about that Order. (*See* Docket ## 22, 23 in Case No. 20-51655).

8

the Debtor's Property also cannot constitute a harm to third parties such as the Defendants, who have no interest in the Property.

Third, if a stay is not granted, the Trustee will have the continuing ability to sell the Property to a third party, for the benefit of the bankruptcy estate and its creditors, but such a sale of the Property to a third party was only necessary because the Defendant Camille Vance failed and refused to perform under the purchase agreement and three addendums to the purchase agreement she entered into with the Trustee for the Property (all of which clearly stated that the Trustee owned the Property).  (*See* February 22 Opinion Part III.D at 10-11, Part III.F at 14-15, Part III.I at 17-20.)  Defendant Camile Vance could have purchased the Property from the Trustee for $75,000.00, but instead she chose to throw that opportunity away and join the two other Defendants in pressing a meritless claim based on a forged deed.

For these reasons, there will be no irreparable harm to the Defendants from the Court denying a stay pending appeal.

But even if the Court assumes, for purposes of deciding the Stay Motion, that the Defendants will suffer irreparable harm absent a stay pending appeal, this factor, when considered in isolation, is not sufficient to permit the granting of a stay.  That is because the Defendants' appeal is based on a position that is directly contrary to controlling Sixth Circuit law, and the Court has found that there is no likelihood of reversal of this Court's February 22 Order.  Because of this, the "irreparable harm" factor cannot justify a stay pending appeal.

### 3. Factor Nos. 3 and 4

Finally, the third and fourth stay factors, namely, "the prospect that others will be harmed if the court grants the stay;" and "the public interest in granting the stay," both weigh against

granting a stay pending appeal. The Court finds that the Plaintiff/Chapter 7 Trustee, on behalf of the Edward Williams bankruptcy estate, will be harmed if the Court grants a stay pending appeal. Such a stay would unduly further delay the Trustee in carrying out his duties to collect and liquidate property of the estate for the benefit of creditors. Such creditors have already been harmed by the significant time and expense the Trustee has incurred in negotiating and entering into a purchase agreement with Camille Williams for her purchase of the Property, and also in negotiating and entering into three separate addendums to such purchase agreement (each granting an extension of time to Camille Williams to close on the purchase agreement). In addition, such creditors have been further harmed by the time and expense incurred by the Trustee in having to file and prosecute this adversary proceeding against the Defendants, upon Camille Williams's failure and refusal to close on the purchase agreement, and her change of position regarding the ownership of the Property.

On the other hand, the Defendants have had an opportunity to remain in the Property, rent-free so far, without the Trustee even marketing the Property, for an extended period of time, and also had an opportunity to purchase the Property, thereby delaying the Property from being sold to a third party. The public interest favors allowing the Chapter 7 Trustee to perform her duties, and to do so expeditiously. *See* 11 U.S.C. § 704(a)(1) ("The trustee shall . . . collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest").

Thus, weighing of all of the relevant factors strongly demonstrates that a stay pending appeal should not be granted. In the exercise of its discretion under Fed. R. Bankr. P. 8007, the Court will deny the Stay Motion.

10

21-04032-tjt    Doc 93    Filed 04/12/23    Entered 04/12/23 14:21:09    Page 10 of 11

### III. Conclusion and Order

For the reasons stated above,

IT IS ORDERED that the Stay Motion (Docket # 91) is denied.

**Signed on April 12, 2023**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge