UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

EDWARD STEPHONE WILLIAMS,

        Debtor.
_____/

Case No. 20-51655

Chapter 7

Judge Thomas J. Tucker

STUART A. GOLD, TRUSTEE,

        Plaintiff,

vs.

CAMILE VANCE WILLIAMS,[1]
GREGORY STEPHONE WILLIAMS,
and
CAMRON LASHAWN WILLIAMS,

        Defendants.
_____/

Adv. Pro. No. 21-4032

**OPINION REGARDING THE PLAINTIFF'S MOTION FOR SANCTIONS AGAINST THE DEFENDANTS' ATTORNEY, JAMES WARR**

This adversary proceeding is before the Court on the Plaintiff Chapter 7 Trustee's motion, filed March 7, 2023, entitled "Motion for Sanctions, Attorneys Fees and Costs" (Docket # 79, the "Motion"). The Motion seeks an award of sanctions, including attorney fees, against the Defendants' attorney, James Warr ("Warr"). Warr filed a response objecting to the Motion on March 28, 2023 (Docket # 88). The Court has reviewed these papers, and the other relevant parts of the record in this adversary proceeding. The Court concludes that a hearing on the Motion is

---

[1] The name of the Defendant "Camile Vance Williams" in the caption of this case may contain a misspelling of this Defendant's middle name. At her deposition in this case this Defendant stated that her name was "Camile Vanice Williams" and this name appears on documents that are in the record in this case. To be clear, Camile Vanice Williams is a Defendant in this adversary proceeding.

not necessary, and that the Motion should be granted in part, and denied in part, for the reasons discussed below.

In a published opinion in a previous case, this Court discussed at length the authorities and standards that are relevant to the Motion in this case. These include, as sources of this Court's authority to sanction an attorney for improper litigation conduct, 28 U.S.C. § 1927, Fed. R. Bankr. P. 9011, 11 U.S.C. § 105(a), and the Court's inherent authority to sanction misconduct. *See In re Gorges*, 590 B.R. 771, 788-94 (Bankr. E.D. Mich. 2018). The Court incorporates by reference that discussion from its opinion in the *Gorges* case, and the Court will apply the standards described in the *Gorges* case here.

The Court finds and concludes that with the one exception discussed below, relating to the "probate exception," attorney Warr did not engage in any sanctionable conduct in this case. With that one exception discussed below, attorney Warr did not multiply the proceedings in this case "unreasonably and vexatiously" within the meaning of 28 U.S.C. § 1927; did not violate any part of Fed. R. Bankr. P. 9011(b); and is not guilty of any misconduct that could support any sanctions under Bankruptcy Code § 105(a) or under this Court's inherent authority to sanction misconduct. With the exception discussed below, in filing and prosecuting the Defendants' motion for relief from the default judgment in this case, attorney Warr made inquiry and investigation that was reasonable under the circumstances at the time, reasonably relied on the sworn statements and testimony of the Defendants and the notary public witness, Kimberly Coleman, and otherwise acted reasonably at all times. This is so even though the Defendants' motion for relief from judgment ultimately was denied.

The exception to the foregoing concerns the "probate exception." The Court finds and

2

21-04032-tjt    Doc 94    Filed 06/15/23    Entered 06/15/23 16:45:53    Page 2 of 5

concludes that the motion filed on January 20, 2022 by attorney Warr, entitled "Motion for Relief from the Automatic Stay and to Hold Proceedings in Abeyance" (Docket # 54, the "Stay Relief Motion"), was frivolous, and attorney Warr should have known from the beginning that the motion was frivolous. In each stage of his filing and prosecuting the Stay Relief Motion, attorney Warr engaged in sanctionable conduct.

The Stay Relief Motion was based on Warr's arguments about the so-called "probate exception" to federal court jurisdiction, and about certain Michigan statutes relating to probate matters. This Court denied the Stay Relief Motion, and rejected the arguments made by attorney Warr. The Court did so for the reasons stated in the Court's detailed written opinion, filed on February 22, 2023 (Docket # 69, the "February 22 Opinion"). For the reasons stated in the February 22 Opinion, the Court not only found attorney Warr's arguments to be without merit, but now also finds that attorney Warr's arguments were frivolous.

As the Court explained in its February 22 Opinion, and notwithstanding the Michigan probate statutes and the cases cited by attorney Warr, the probate exception does not apply in this case, based on *Marshall v. Marshall*, 547 U.S. 293 (2006), and *Chevalier v. Estate of Barnhard*, 803 F.3d 789 (6th Cir. 2015) (interpreting and applying *Marshall*). (*See* February 22 Opinion (Docket # 69), Part IV.B at 29-32 (discussing the probate exception) and Part V.A.1.b at 56-60 (discussing Michigan law)).² The Defendants' position argued by attorney Warr was directly contrary to the *Chevalier* case, which clearly is the controlling precedent of the Sixth Circuit Court of Appeals, and was clearly contrary to Michigan law. Attorney Warr should have known

---

² In the published version of the Court's February 22 Opinion, the relevant citation is: *Gold v. Williams* (*In re Williams*), 649 B.R. 266, 284-86, 298-300 (Bankr. E.D. Mich. 2023).

3

this, at all relevant times, before and after he filed the Stay Relief Motion.

For these reasons, the Court finds that in filing and prosecuting the Stay Relief Motion, attorney Warr "unreasonably and vexatiously" multiplied the proceedings, in violation of 28 U.S.C. § 1927; engaged in misconduct sanctionable under 11 U.S.C. § 105(a) and this Court's inherent authority to sanction misconduct; and violated Fed. R. Bankr. P. 9011(b)(2) by making "legal contentions" that were not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."[3]

As a result, and in the Court's discretion, the Court will order appropriate sanctions against attorney Warr. The Court finds that the appropriate sanctions are that attorney Warr must pay the Plaintiff Chapter 7 Trustee the reasonable attorney fees incurred by the Plaintiff in responding to and successfully defending against the Stay Relief Motion. Based on the fee itemization attached to the Motion, the Court finds that the amount of such reasonable attorney fees is $805.00.[4]

For these reasons, the Court will enter an order requiring attorney Warr to promptly pay the Plaintiff Chapter 7 Trustee sanctions in the amount of $805.00.

---

[3] The Court's award of sanctions here is not based directly on Rule 9011, because the procedures required under Rule 9011(c)(1) have not been followed, with respect to the Stay Relief Motion. *See generally Gorges*, 590 B.R. at 794.

[4] This $805.00 amount is based on the Plaintiff's attorney fee itemization attached to the Motion, specifically, Docket # 79-1 at pdf p. 26 (the five time entries on that page other than the .50 hour "No charge" entry for 01/05/22 and the 2.5 hour entry for 01/23/22). The $805.00 amount does not include any time for the Plaintiff's attorney's oral argument about the Stay Relief Motion during the evidentiary hearing that was held on February 1 and 2, 2022. The Plaintiff's time entries do not enable the Court to determine how much time was spent by Plaintiff's counsel arguing the Stay Relief Motion. But that amount of time was relatively minimal.

**Signed on June 15, 2023**  **/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**