UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

EDWARD STEPHONE WILLIAMS,

        Debtor.
_____/

STUART A. GOLD, TRUSTEE,

        Plaintiff,

vs.

CAMILE VANCE WILLIAMS, et al.,

        Defendants.
_____/

Case No. 20-51655

Chapter 7

Judge Thomas J. Tucker

Adv. Pro. No. 21-4032

**ORDER STAYING FURTHER PROCEEDINGS ON ATTORNEY JAMES C. WARR'S MOTION FOR RELIEF FROM ORDER**

This adversary proceeding is before the Court on a motion filed by James C. Warr, the attorney for the Defendants, entitled "Motion for Relief From Order" (Docket # 97, the "Motion"). The Motion seeks relief from the Court's order entered on June 15, 2023, entitled "Order Granting in Part, and Denying in Part, the Plaintiff's Motion for Sanctions Against the Defendants' Attorney, James Warr" (Docket # 95, the "June 15 Order"), to the extent it required Mr. Warr to pay the Plaintiff $805.00 in sanctions. Sanctions were awarded against Mr. Warr for his filing of what this Court found to be a frivolous motion entitled "Motion for Relief From The Automatic Stay and to Hold Proceedings In Abeyance" (Docket # 54, "the Stay Relief Motion"), based on the so-called "probate exception" to the federal court jurisdiction.[1] Mr. Warr argues

---

[1] In the Court's opinion entitled "Opinion Regarding the Plaintiff's Motion for Sanctions Against the Defendants' Attorney, James Warr," filed on June 15, 2023 (Docket # 94), this Court stated:

that he is entitled to relief form the June 15 Order, because "[o]n February 20, 2024, the United

States District Court reversed the [Court's] February [22 Opinion], finding that the probate

---

> The Court finds and concludes that the motion filed on January 20, 2022 by attorney Warr, entitled "Motion for Relief from the Automatic Stay and to Hold Proceedings in Abeyance" (Docket # 54, the "Stay Relief Motion"), was frivolous, and attorney Warr should have known from the beginning that the motion was frivolous. In each stage of his filing and prosecuting the Stay Relief Motion, attorney Warr engaged in sanctionable conduct.
>
> The Stay Relief Motion was based on Warr's arguments about the so-called "probate exception" to federal court jurisdiction, and about certain Michigan statutes relating to probate matters. This Court denied the Stay Relief Motion, and rejected the arguments made by attorney Warr. The Court did so for the reasons stated in the Court's detailed written opinion, filed on February 22, 2023 (Docket # 69, the "February 22 Opinion"). For the reasons stated in the February 22 Opinion, the Court not only found attorney Warr's arguments to be without merit, but now also finds that attorney Warr's arguments were frivolous.
>
> As the Court explained in its February 22 Opinion, and notwithstanding the Michigan probate statutes and the cases cited by attorney Warr, the probate exception does not apply in this case, based on *Marshall v. Marshall,* 547 U.S. 293 (2006), and *Chevalier v. Estate of Barnhard*, 803 F.3d 789 (6th Cir. 2015) (interpreting and applying *Marshall*). (*See* February 22 Opinion (Docket # 69), Part IV.B at 29-32 (discussing the probate exception) and Part V.A.1.b at 56-60 (discussing Michigan law)). The Defendants' position argued by attorney Warr was directly contrary to the *Chevalier* case, which clearly is the controlling precedent of the Sixth Circuit Court of Appeals, and was clearly contrary to Michigan law. Attorney Warr should have known this, at all relevant times, before and after he filed the Stay Relief Motion.
>
> For these reasons, the Court finds that in filing and prosecuting the Stay Relief Motion, attorney Warr "unreasonably and vexatiously" multiplied the proceedings, in violation of 28 U.S.C. § 1927; engaged in misconduct sanctionable under 11 U.S.C. § 105(a) and this Court's inherent authority to sanction misconduct; and violated Fed. R. Bankr. P. 9011(b)(2) by making "legal contentions" that were not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

*Id.* at 2-4 (footnotes omitted).

exception did indeed apply to this case." (Mot. at pdf p. 2 ¶ 8.)

The Plaintiff Trustee filed a response objecting to the Motion (Docket # 98, the "Response"). In the Response, among other things, the Plaintiff Trustee "requests that the Court hold Mr. Warr's [M]otion in abeyance pending a ruling by the Sixth Circuit Court of Appeals on Plaintiff's appeal of the District Court's February 20, 2024 opinion and order." (Resp. at 5 ¶ 19.)

The decision by the Court of Appeals regarding the "probate exception" may have a significant impact on the outcome of attorney Warr's Motion. In the interest of judicial economy, and for good cause, the Court will exercise its discretion to stay further proceedings on attorney Warr's Motion, until the Plaintiff Trustee's pending appeal in the Sixth Circuit Court of Appeals has concluded.

Accordingly,

IT IS ORDERED that all further proceedings on the Motion (Docket # 97) are stayed until the Plaintiff Trustee's pending appeal in the Sixth Circuit Court of Appeals has concluded.

**Signed on March 28, 2024**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**