UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

EDWARD STEPHONE WILLIAMS,

     Debtor.
_____/

Case No. 20-51655

Chapter 7

Judge Thomas J. Tucker

STUART A. GOLD, TRUSTEE,

     Plaintiff,

vs.

CAMILE VANCE WILLIAMS, et al.,

     Defendants.
_____/

Adv. Pro. No. 21-4032

**ORDER DENYING ATTORNEY JAMES C. WARR'S MOTION
FOR RELIEF FROM SANCTIONS ORDER**

   This adversary proceeding is before the Court on the motion filed by James C. Warr, the attorney for the Defendants, entitled "Motion for Relief From Order" (Docket # 97, the "Motion"). The Motion seeks relief from the Court's order entered on June 15, 2023, entitled "Order Granting in Part, and Denying in Part, the Plaintiff's Motion for Sanctions Against the Defendants' Attorney, James Warr" (Docket # 95, the "June 15 Order"), to the extent it required Mr. Warr to pay the Plaintiff $805.00 in sanctions. Sanctions were awarded against Mr. Warr for his filing of what this Court found to be a frivolous motion entitled "Motion for Relief From The Automatic Stay and to Hold Proceedings In Abeyance" (Docket # 54, "the Stay Relief Motion"), based on the so-called "probate exception" to the federal court jurisdiction. Mr. Warr argues that he is entitled to relief form the June 15 Order, primarily because "[o]n February 20, 2024,

the United States District Court reversed the [Court's] February [22 Opinion], finding that the probate exception did indeed apply to this case." (Mot. at pdf p. 2 ¶ 8.)

The Plaintiff Trustee filed a response objecting to the Motion (Docket # 98, the "Response"). In the Response, among other things, the Plaintiff Trustee "request[ed] that the Court hold Mr. Warr's [M]otion in abeyance pending a ruling by the Sixth Circuit Court of Appeals on Plaintiff's appeal of the District Court's February 20, 2024 opinion and order." (Resp. at 5 ¶ 19.)

On March 28, 2024, the Court entered an Order staying further proceedings on the Motion, "until the Plaintiff Trustee's pending appeal in the Sixth Circuit Court of Appeals has concluded." *See* "Order Staying Further Proceedings, [etc.]" (Docket # 99) at 3.

The Plaintiff Trustee's appeal in the Sixth Circuit, Case No. 24-1162, has concluded. In an Order and Judgment filed February 7, 2025, the Sixth Circuit reversed the decision of the district court, and held that the "probate exception" did not apply. (A copy of the Sixth Circuit's Order and Judgment is filed at Docket # 100 in this adversary proceeding). So the stay ordered by this Court has ended.

The Court concludes that a hearing on the Motion is not necessary, and that it should be denied. The ground on which the Motion is based (the district court's decision about the "probate exception") has evaporated. And the Court reiterates the findings and conclusions that it made in its June 15, 2023 Opinion (Docket # 94), as the basis for sanctioning attorney Warr.[1]

---

[1] In this Court's opinion entitled "Opinion Regarding the Plaintiff's Motion for Sanctions Against the Defendants' Attorney, James Warr," filed on June 15, 2023 (Docket # 94), this Court stated:

> The Court finds and concludes that the motion filed on January 20, 2022 by attorney Warr, entitled "Motion for Relief from the Automatic Stay

The Sixth Circuit's recent decision only bolsters this Court's conclusion that attorney Warr's filing and prosecution of the Stay Relief Motion, based on the "probate exception," was frivolous. It was clearly contrary to binding Sixth Circuit case law, including *Chevalier v. Estate*

---

> and to Hold Proceedings in Abeyance" (Docket # 54, the "Stay Relief Motion"), was frivolous, and attorney Warr should have known from the beginning that the motion was frivolous. In each stage of his filing and prosecuting the Stay Relief Motion, attorney Warr engaged in sanctionable conduct.
>
> The Stay Relief Motion was based on Warr's arguments about the so-called "probate exception" to federal court jurisdiction, and about certain Michigan statutes relating to probate matters. This Court denied the Stay Relief Motion, and rejected the arguments made by attorney Warr. The Court did so for the reasons stated in the Court's detailed written opinion, filed on February 22, 2023 (Docket # 69, the "February 22 Opinion"). For the reasons stated in the February 22 Opinion, the Court not only found attorney Warr's arguments to be without merit, but now also finds that attorney Warr's arguments were frivolous.
>
> As the Court explained in its February 22 Opinion, and notwithstanding the Michigan probate statutes and the cases cited by attorney Warr, the probate exception does not apply in this case, based on *Marshall v. Marshall,* 547 U.S. 293 (2006), and *Chevalier v. Estate of Barnhard*, 803 F.3d 789 (6th Cir. 2015) (interpreting and applying *Marshall*). (*See* February 22 Opinion (Docket # 69), Part IV.B at 29-32 (discussing the probate exception) and Part V.A.1.b at 56-60 (discussing Michigan law)). The Defendants' position argued by attorney Warr was directly contrary to the *Chevalier* case, which clearly is the controlling precedent of the Sixth Circuit Court of Appeals, and was clearly contrary to Michigan law. Attorney Warr should have known this, at all relevant times, before and after he filed the Stay Relief Motion.
>
> For these reasons, the Court finds that in filing and prosecuting the Stay Relief Motion, attorney Warr "unreasonably and vexatiously" multiplied the proceedings, in violation of 28 U.S.C. § 1927; engaged in misconduct sanctionable under 11 U.S.C. § 105(a) and this Court's inherent authority to sanction misconduct; and violated Fed. R. Bankr. P. 9011(b)(2) by making "legal contentions" that were not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

*Id.* at 2-4 (footnotes omitted).

*of Barnhard*, 803 F.3d 789 (6th Cir. 2015), as was the district court's decision reversing this Court. This Court's order of sanctions against attorney Warr was and is appropriate, and will stand.

Accordingly,

IT IS ORDERED that the Motion (Docket # 97) is denied.

**Signed on February 28, 2024**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**